UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6254-CR-ROETTGER

UNITED STATES OF AMERICA,

       Plaintiff,

v.

MICHAEL ZOYES,

       Defendant.

_____/

## MICHAEL ZOYES' OBJECTIONS TO THE
## PRESENTENCE INVESTIGATION REPORT

    The Defendant, Michael Zoyes, by and through his
undersigned counsel, hereby respectfully files these
objections to the Presentence Investigation Report prepared
by Probation Officer Frances Weisberg.[1]

_____

[1]The undersigned discussed the PSI objections with AUSA Laurence M. Bardfeld. The
parties agreed that Mr. Zoyes did not engage in any activity involving money laundering,
and he specifically pled to conspiracy to commit mail fraud and wire fraud, in violation of
18 U.S.C. secs. 371, 1341 and 1343. Thus, guideline section 2S1.1, that which applies to
money laundering, should not apply in this case. Rather, guideline section 2F1.1, which
applies to wire fraud and mail fraud offenses is the correct section, yielding a base offense
level 6.



**A. LEGAL AND FACTUAL OBJECTIONS:**

The Defendant states the following objections to the PSI:

1.   The Defendant objects to paragraph 42 of the PSI. The Defendant asserts that there were no calculable losses suffered by the victims of the fraud scheme. The probation officer has incorrectly determined that the "victim's" suffered "losses" in the amount of $7,547,730.58, which, in fact, is the **sum of the monies paid to the six (6) businesses** for the promoted business opportunities and various "products" actually sold to the victims. However, as will be explained and argued herein, the "victim's" received value for their money, the product they purchased had value and was re-sold without any provable losses,[2] and, did not suffer any identifiable monetary losses, but, rather, made far less profit than was promised by the defendant and others. This was the fraud that induced the purchasers to buy. The Defendant also objects to paragraph 43 of the PSI which states that there were "losses of $7,547,730.58".

2

_____

[2]The government must prove the attributable, claimed loss by a preponderance of the evidence, and, this burden of proof must be satisfied with "reliable and specific evidence." United States v. Sepulvede, 115 F.3d 882 at 890 (11th Cir. 1997).

2.   The Defendant objects to paragraph 45 of the PSI which states that six (6) businesses caused losses of $7,547,730.58.

3.   The Defendant further objects to the base offense level computation found at paragraph 49 of the PSI.   The Defendant agrees that he pled guilty to the one count information, which charged a conspiracy to commit certain substantive offense.   The underlying offenses that Zoyes pled guilty to, as reflected both in his plea agreement and acknowledged specifically during the change of plea colloquy, were mail fraud and wire fraud only. [A copy of the plea agreement between the parties is attached hereto as **Exhibit A**]   The substantive counts involving mail fraud (18 U.S.C. sec. 1341) and wire fraud (18 U.S.C. sec. 1343) refer to section 2F1.1 of the United States Sentencing Guidelines. Defendant Zoyes did not plead guilty to any substantive offense of money laundering.

4.   The Defendant further objects to paragraph 51 of the PSI.   It is submitted that the applicable sentencing guideline in this case is section 2F1.1, since Zoyes pled guilty to and was convicted of mail and wire fraud, pursuant to 18 U.S.C. secs. 1341 and 1343.   The base offense level for these offenses is found at U.S.S.G. section 2F1.1(a), and is the base offense level 6.

3

5.   The Defendant objects to paragraph 52 of the PSI. There should be no increase here, since U.S.S.G. section 2S1.1 is not applicable in this case.

6.   The fraud guideline, U.S.S.G. section 2F1.1 allows for enhancement of the base offense level *if* there is a loss suffered by the victims of the fraud, and the loss exceeds $2,000.00.   The increase is thereafter based on increments of the amount of the loss, with the greater the loss allowing for the greater increase in the offense level. see U.S.S.G. sec. 2F1.1(b)(1).

7.   The issue presented here is whether the victims of the fraud suffered any loss, given the nature of the fraud committed, and, the evidence offered by the government. More specifically, this section of the Sentencing Guidelines applies to a great variety of fraud cases.   The "loss" under section 2F1.1 is a specific offense characteristic, which is intended to measure the actual, attempted, or intended harm of the offense, and, this measure of harm focuses on the victim's loss. see United States v. Wilson, 993 F.2d 214, 217 (11th Cir. 1993).   The sentencing judge must make a reasonable estimate, given the available information, of what the loss or harm is caused by the fraudulent scheme.

There are different types of fraud--one such type is the "contract fraud", where the perpetrator of the fraud, although fraudulently obtaining the contract, intends to

4

perform the contract, and causes no loss to the victim. see e.g. United States v. Kopp, 951 F.2d 521 (3d Cir. 1991). Indeed, the various frauds are separated by the "intent" element of the crime--contract frauds involve the intent to obtain the contract through fraud, but, the further intent to perform on the contract, and, there is no resulting harm caused.

Defendant Zoyes submits that the fraud committed in his case is a "contract-type" fraud, where, the "contract" (the sale of the "product") was obtained by fraudulent inducements (i.e., that the victim's would make more of a profit than what they actually made), but, no loss was intended, and no loss was actually suffered by the purchasers. And, in fact, the product purchased had some value.

A civil lawsuit was filed by the Federal Trade Commission against Southeast Necessities Corporation, et. al, in case number 94-6848. Attached hereto as **Composite Exhibit B** are the transcripts of the two (2) day preliminary injunction hearing held before The Honorable Daniel T.K. Hurley.[3]  The following was established during the hearing:

5

---

[3]The FTC sought to enjoin future business of Allstate and Dr's. Choice based on allegations of misrepresentation and fraud in procuring purchasers of distributorship products.

1) The product purchased had value, and was not defective;
2) the customers received the product that they paid for; 3)
the product is approved by the federal drug administration;
and, 4) there was no evidence that victims suffered any
loss.

For example, Vickie Larson, a witness for the FTC,
testified that she paid $10,000 for 30 Dr. Choice displays.
The product, which was bottles containing either a weight
loss formula, an energy boost, or a multiple vitamin, was to
be sold from the stores where she had her displays at $14.99
per bottle. The store would receive $4.99, and she would
receive the balance. Of the balance, she made a $4.50
profit on each bottle sold. (Her cost for each bottle was
$5.50) She only sold for about three (3) months, and did
not sell all of the bottles. She averaged about one (1)
bottle a week in sales from each of her sale locations. She
testified that, during the three (3) months she sold the
product, she made about $250.00 to $300.00 profit. she
agreed that she still was going to sell the product, but,
thought that she would make a greater profit in a shorter
period of time. [Tr.Vol.1:38-76]

Another witness, Terry Saeger, testified for the
plaintiff. Mr. Saeger purchased 60 displays and products
for $17,300.00. He agreed that the product had value, and,
was enthusiastic about the product. He said that his gross

6

sales for the few months he had been selling was $4,000.00. He expected to make a profit if he continued the business. Mr. Saeger agreed that, for the 400 units of product he had already sold, he did, in fact, make a profit of $2,000.00, since he paid $2,000.00 for the 400 units, and, his gross sales were $4,000.00.[Tr.Vol.1:170-76]

Plaintiff's witness Michael Moore, another purchaser of Dr. Choice products, testified that he was happy with the product, and, anticipated that he would be profitable in the business. [Tr.Vol.2:368-71;378-88][4]

Summarizing the witness testimony, it appears that the "victim's" received value for their purchase, and, the product had value and was being sold. There was no established, identifiable loss to any victim's.

This case involved the fraudulent procurement of a contract. The Sentencing Guidelines provide for a "treatment" of "Loss" cases of fraudulent procurement of a contract, which is found at Application Note 8 of U.S.S.G. sec. 2F1.1. This is the applicable sentencing guideline provision. This Court must determine whether there was an actual loss or intended loss, and, whether the "victims" are truly victims as defined by the guidelines. If there is no

7

---

[4]All of the testifying Plaintiff's witnesses agreed that they could receive their money back if they were not satisfied with the product or the business prospects.

actual or intended loss, there should be no enhancement of the base offense level. see e.g., United States v. Tatum, 138 F.3d 1344 (11th Cir. 1998). Moreover, the individuals who receive a "return" or break even on their "investment" are not "victim's" for purposes of section 2F1.1. E.g. United States v. Orton, 73 F.3d 331 (11th Cir. 1996).

8. Based on the foregoing, Defendant Zoyes suggests that his base offense level should be a level six (6), and the adjusted offense level of ten (10), which allows for a four (4) level upward adjustment for role in the offense pursuant to U.S.S.G. sec. 3B1.1(a).[5]

9. Defendant Zoyes further agrees that he is entitled to a reduction in his offense for his acceptance of his responsibility, this pursuant to U.S.S.G. sec. 3E1.1(a).[6]

10. The Defendant further objects to paragraph 60 of the PSI, and states that his total offense level should be a

8

---

[5]Pursuant to U.S.S.G. sec. 2F1.1(b)(2), the base offense level may be increased by two (2) levels if the offense involved (A) more than minimal planning, or (B) a scheme to defraud more than one victim. However, the Defendant submits that he cannot be punished duplicitously as both a leader in the offense under section 3B1.1 and if the offense meets either of the criteria described in section 2F1.1(b)(2). see United States v. Romano, 970 F.2d 164 (6th Cir. 1992).

[6]Where the adjusted offense level is less than 16, the defendant's offense level can only be decreased by two (2) levels instead of three (3).

level 8.

11.    Defendant Zoyes objects to paragraph 119 of the
PSI.  His sentencing guideline range, based on a total
offense level of 8 and a criminal history category of IV is
8 to 14 months imprisonment.

## CONCLUSION

Based on the foregoing, it is respectfully requested
that this Court sustain the objections noted above.

Respectfully submitted,

**DANIEL H. FORMAN, P.A.**
1401 Brickell Avenue.
Suite 800
Miami, Florida  33131
Telephone (305) 577-8888

By _____
DANIEL H. FORMAN, ESQ.
Florida Bar No.229261

**MARISA TINKLER MENDEZ, P.A.**
901 Ponce deLeon Blvd.
Suite 304
Coral Gables, Florida  33134
Telephone (305) 444-3747

By _____
MARISA TINKLER MENDEZ, ESQ.
Florida Bar No. 586455

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the
foregoing Objections to the PSI were delivered by mail
this 6th day of June, 2001 to Assistant United States
Attorney Laurence Bardfeld, 500 East Broward Blvd., 7th
floor, Ft. Lauderdale, Florida  33394-3002, and U.S.
Probation Officer Frances Weisberg, Federal Courthouse
Bldg., 299 East Broward Blvd., Room 409, Ft. Lauderdale,
Florida  33301-1865.

By _____
MARISA TINKLER MENDEZ ESQ.

10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6254-CR-ROETTGER

UNITED STATES OF AMERICA,

      Plaintiff,

v.

MICHAEL ZOYES,

      Defendant.

_____/

**MICHAEL ZOYES' OBJECTIONS TO THE**

**PRESENTENCE INVESTIGATION REPORT**

# EXHIBITS

ZOYES.PLEA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6254-CR-ROETTGER

UNITED STATES OF AMERICA, )
                                                    )
                         Plaintiff, )
                                                    )
-vs-                                             )
                                                    )
MICHAEL ZOYES,                        )
                                                    )
                         Defendant. )
_____ )

## PLEA AGREEMENT

The United States of America and MICHAEL ZOYES (hereinafter referred to as the "defendant") enter into the following agreement:

1.    The defendant agrees to plead guilty to the one count information charging him with conspiracy to commit mail fraud, wire fraud, in violation of 18 U.S.C. §371, §1341, §1343.

2.    The United States agrees that it will recommend at sentencing that the court reduce by three levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1 of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. However, the United States will not be required to make this sentencing recommendation if the defendant:

$$EXHIBIT\ A$$

(1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making a false statement or misrepresentation to any governmental entity or official.

3.    The defendant is aware that the sentence will be imposed in conformity with the _Federal Sentencing Guidelines and Policy Statements_. The defendant is also aware that a sentence imposed under the guidelines does not provide for parole. Knowing these facts, defendant agrees that this court has jurisdiction and authority to impose any sentence within the statutory maximum set for his offense.

4.    The defendant agrees that he shall cooperate fully with the Office of the United States Attorney for the Southern District of Florida, by:

(a)  providing truthful information and testimony when called upon by the Office of the United States Attorney for the Southern District of Florida; and

(b)  appearing at such grand jury proceedings, hearings, trials, and other judicial proceedings as may be required by the Office of the United States Attorney for the Southern District of

2

Florida.;

(c) if requested by the United States, working in an undercover role to contact and negotiate with others involved in telemarketing, under the supervision of, and in compliance with, law enforcement officers and agents.

5. The Office of the United States Attorney for the Southern District of Florida reserves the right to evaluate the nature, quality and extent of the defendant's cooperation and to advise the court of the nature, quality and extent of such cooperation at the time of sentencing. If in the judgment of the Office of the United States Attorney for the Southern District of Florida, the circumstances of the defendant's cooperation warrant a reduction below the level established by statute as minimum sentence and departure by the court from the guideline sentence, the Office of the United States Attorney for the Southern District of Florida, may, in its discretion, make a motion pursuant to Title 18, United States Code, Section 3553(e), and 5K1.1 of the Sentencing Guidelines, stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense.

6. The Office of the United States Attorney for the Southern District of Florida reserves the right to make a recommendation as to the quality and quantity of punishment and reserves the right to inform the court and the probation office of all facts pertinent to

3

the sentencing process, including all relevant information concerning the defendant and his background.

7.    The defendant understands and agrees that the court is under no obligation to grant a government motion pursuant to Title 18, United States Code, Section 3553(e), and 5K1.1 of the Sentencing Guidelines, as referred to in paragraph 5 of this agreement, should the government exercise its discretion to file such a motion. The United States and the defendant understand and agree that the court may impose any sentence authorized by law and that the defendant may not withdraw his plea solely as a result of sentence imposed. The defendant understands and agrees that the court may impose a statutory maximum term of up to five (5) years' imprisonment, with any prison term    followed by a term of supervised release.    In addition to a term of imprisonment and supervised release, the court may impose a fine up to $250,000, and may order restitution.

8.    The defendant further understands and agrees that, in addition to any sentence imposed under paragraph 7 of this agreement, a special assessment in the amount of $100.00 will be imposed on the defendant.

9.    The defendant is aware that the sentence has not yet been determined by the court.    The defendant is also aware that any estimate of the probable sentencing range that he may receive from his counsel, the government or the probation office, is a

4

prediction, not a promise, and is not binding on the government, the probation office or the court.

10. This is the entire agreement and understanding between the United States and the defendant. There are no other agreements, promises, representations, or understandings.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

Date: 3/9/01

By: _____
LAURENCE M. BARDFELD
ASSISTANT U.S. ATTORNEY

Date: 3-9-01

By: _____
DANIEL FORMAN
ATTORNEY FOR DEFENDANT

Date: 3-9-01

By: _____
MICHAEL ZONES
DEFENDANT

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6254-CR-ROETTGER

UNITED STATES OF AMERICA,

      Plaintiff,

v.

MICHAEL ZOYES,

      Defendant.

_____/

**MICHAEL ZOYES' OBJECTIONS TO THE**

**PRESENTENCE INVESTIGATION REPORT**

# COMPOSITE
# EXHIBIT B
## (VOLUME 1)

CASE #  94-CV- 6848- 3TKH



# "Do Not Scan
# or Copy This
# Transcript."

DE # _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
NORTHERN DIVISION

FEDERAL TRADE, et cet.,              )    Docket No.
                                     )    94-6848-Civ-HURLEY
                Plaintiff,           )
                                     )    West Palm Beach, Fl.
     v.                              )    October 12, 1994
                                     )    9:30 a.m.
SOUTHEAST COMPANY, INC., et al.,     )
                                     )
                Defendants.          )
                                     )
---------------------------------------x

VOLUME 1
TRANSCRIPT OF PRELIMINARY INJUNCTION HEARING
BEFORE THE HONORABLE DANIEL T.K. HURLEY


APPEARANCES:

For the PLAINTIFF:     RICHARD A. QUARESIMA, BETSY BRODER
                       and MYRA HOWARD, ESQS.



For the DEFENDANTS:    PETER PAUL STARSON, ESQ.
                       CLARK MERVIS, ESQ.
                       DAN FERRER, ESQ.




Court Reporter:        Pauline A. Stipes, CSR, RPR, RMR
                       United States Courthouse
                       West Palm Beach, FL  33401

# NOT

# SCANNED

**PLEASE REFER TO COURT FILE**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA


CASE NO. 00-6254-CR-ROETTGER

UNITED STATES OF AMERICA,

       Plaintiff,

v.

MICHAEL ZOYES,

       Defendant.

_____/

**MICHAEL ZOYES' OBJECTIONS TO THE**

**PRESENTENCE INVESTIGATION REPORT**


# COMPOSITE
# EXHIBIT B
## (VOLUME 2)

CASE # _94-CV-4848-DTKH_



# "Do Not Scan
# or Copy This
# Transcript."

DE # _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
NORTHERN DIVISION

| | | |
|---|---|---|
| FEDERAL TRADE, et cet., | ) | Docket No. |
| | ) | 94-6848-HURLEY |
| Plaintiff, | ) | |
| | ) | West Palm Beach, Fl. |
| v. | ) | October 13, 1994 |
| | ) | 9:30 a.m. |
| SOUTHEAST CO., INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

------------------------------------------x

VOLUME 2
TRANSCRIPT OF PRELIMINARY INJUNCTION HEARING
BEFORE THE HONORABLE DANIEL T.K. HURLEY

APPEARANCES:

For the Plaintiff:      RICHARD A. QUARESIMA, MYRA HOWARD and
                        BETSY BRODER, ESQS.

For the Defendants:     CLARK MERVIS, ESQ.
                        DANIEL FERRER, ESQ.,
                        PETER PAUL STARSON, ESQ.

Court Reporter:         Pauline A. Stipes, CSR, RPR, RMR
                        United States Courthouse
                        West Palm Beach, FL  33401

# NOT

# SCANNED

### PLEASE REFER TO COURT FILE