UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA    CASE NO.: 00-6254-CR-ROETTGER
                             MAGISTRATE JUDGE SNOW

v.

MICHAEL ZOYES

_____/



## JOINT MOTION
## TO EXTEND TIME OF VOLUNTARY SURRENDER

The United States of America, by and through the undersigned Assistant United States Attorney and the Defendant, MICHAEL ZOYES, by and through his undersigned counsel, respectfully jointly request this Court grant an extension of time for voluntary surrender in the above-styled case for the reasons set out below.

1. On June 19, 2001, this Court sentenced the Defendant, MICHAEL ZOYES, to the custody of the United States Bureau of Prisons for a term of 30 months. This was the result of a plea of guilty to Conspiracy to Commit Wire, Mail Fraud and Launder proceeds, in violation of Title 18, U.S.C. Section 371. (Exhibit A).

2. Unknown to the Court at that time, but contemplated by the parties herein, a Motion For Reduction of Sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure was being evaluated by the United States Attorney,

3. At the time of sentencing, the Court set the surrender date of August 17, 2001. (Exhibit B). The parties, in good faith, believed they could have the work completed before that date. Due to the nature of the defendant's assistance, that is, participation in on-going matters with the Federal Bureau of Investigation, an extension of the voluntary surrender date is necessary to protect the integrity of the investigations.

4. As a result, the undersigned are respectfully jointly requesting, an extension of time within which this defendant is required to surrender. He has otherwise been a totally compliant releasee on bond and has complied with all the conditions of his release heretofore.

5. It is respectfully submitted that the court grant an extension of time within which the defen dant to surrender to his institution for an additional 60 days to **October 19, 2001**.

WHEREFORE, the parties, respectfully request this court grant an extension of time for voluntary surrender from **August 17, 2001** to **October 19, 2001**.

Respectfully submitted,

DANIEL H. FORMAN, P.A.
1401 Brickell Avenue
Suite 800
Miami, Florida  33131
(305) 577-8888

By: _____
DANIEL H. FORMAN, Esquire
Florida Bar No.: 229261

AUSA, Larry Bardfeld
United States Attorney's Office
299 East Broward Boulevard
Fort Lauderdale, Florida 33301
(954) 356-7255 xtn. 3510

By: _____
AUSA, Larry Bardfeld
Florida Bar No.: 712450

AO 245B (Rev. 8/96) Sheet 1 - Judgment in a Criminal Case

# United States District Court

## Southern District of Florida

FILED by _____ D

JUN 2 0 2001

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

UNITED STATES OF AMERICA
v.
**MICHAEL ZOYES**

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number: **0:00CR06254-001**

A.U.S.A.-Bardfeld    Daniel Forman, Esq.
Defendant's Attorney

**THE DEFENDANT:**

[X] pleaded guilty to count(s)  1
[ ] pleaded nolo contendere to count(s) _____ which was accepted by the court.
[ ] was found guilty on count(s) _____ after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 371 | Conspiracy to commit wire, mail fraud & launder proceeds | 09/27/2000 | 1 |

The defendant is sentenced as provided in pages 2 through __6__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ] The defendant has been found not guilty on count(s) _____

[ ] Count(s) _____ (is)(are) dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.: **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**
Defendant's Date of Birth: **02/14/1955**
Defendant's USM No.: **26541-004**
Defendant's Residence Address:
**506 Lakeside Circle**

**Sunrise                    FL       33326**

Defendant's Mailing Address:
**506 Lakeside Circle** ATTACHMENT / EXHIBIT __A__

**Sunrise                    FL       33326**

**06/19/2001**
Date of Imposition of Judgment

/s/ N C Roettger
Signature of Judicial Officer

**NORMAN C. ROETTGER**
**U.S. DISTRICT COURT JUDGE**
Name & Title of Judicial Officer

*19 June 2001*
Date

AO 245B (Rev 8/96) Sheet 2 - Imprisonment

Judgment-Page 2 of 6

DEFENDANT: **MICHAEL ZOYES**
CASE NUMBER: **0:00CR06254-001**

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of __30__ month(s).

[x] The court makes the following recommendations to the Bureau of Prisons:

**South Florida and 500 Hour Drug Treatment Program**

[ ] The defendant is remanded to the custody of the United States Marshal.

[x] The defendant shall surrender to the United States Marshal for this district:

  [x] at __12:00__ p.m. on __08/17/2001__.

  [ ] as notified by the United States Marshal.

[x] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  [x] before 2 p.m. on __08/17/2001__.

  [ ] as notified by the United States Marshal.

  [ ] as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

ATTACHMENT / EXHIBIT

UNITED STATES MARSHAL

By _____
Deputy U S Marshal

DEFENDANT:    MICHAEL ZOYES
CASE NUMBER:  0:00CR06254-001

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of ____3____ year(s) .

See Additional Supervised Release Terms - Page  4

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

[ ] The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.) for the rest of his life., NCR

[X] The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below) . The defendant shall also comply with the additional conditions on the attached page (if indicated below).

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: MICHAEL ZOYES
CASE NUMBER: 0:00CR06254-001

## ADDITIONAL SUPERVISED RELEASE TERMS

Maintain full-time legitimate employment and not be unemployed for more than 30 days unless excused by the probation officer. Submit documentation of employment when requested by the probation officer. Participate in an approved treatment program as directed by the probation officer for mental health & substance abuse. Participation may include inpatient/outpatient treatment if deemed neseccary. Defendant to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on ability to pay or availability of third party payment. Defendant shall not engage in any business that offers securities, investments or business opportunities to the public. Prohibited from engaging in telemarketing,direct mail or national advertising campaigns for business purposes without permission of the probation officer. Not to incur further debt, including but not limited to loans, lines of credit or credit card charges, either as principal or cosigner, as an individual or through any corporate entity, without prior permission of the probation officer. Shall provide complete access to financial information, including disclosure of all business and personal finances, to the probation officer.

DEFENDANT:     MICHAEL ZOYES
CASE NUMBER:     0:00CR06254-001

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 100.00 | $ | $ 7,547,730.58 |

[ ] If applicable, restitution amount ordered pursuant to plea agreement . . . . . . . . . . . . . $ _____

Assessment and restitution are payable immediately to the Clerk, U.S. District Court, 301 North Miami Ave., Miami, FL 33130. Attention: Financial Section.

# FINE

The above fine includes costs of incarceration and/or supervision in the amount of $ _____ .

The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

[ ] The court determined that the defendant does not have the ability to pay interest and it is ordered that:

     [ ] The interest requirement is waived.

     [ ] The interest requirement is modified as follows:

# RESTITUTION

[ ] The determination of restitution is deferred until _____ . An Amended Judgment in a Criminal Case will be entered after such a determination.

[ ] The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| Name of Payee | * Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| | | | |

Totals:    $ _____    $ _____

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses

DEFENDANT: **MICHAEL ZOYES**

CASE NUMBER: **0:00CR06254-001**

## STATEMENT OF REASONS

☐ The court adopts the factual findings and guideline application in the presentence report.

### OR

☒ The court adopts the factual findings and guideline application in the presentence report except (see attachment, if necessary):

Court finds that the guideline application (§2F1.1) as noted in the addendum are the correct guidelines.

**Guideline Range Determined by the Court:**

Total Offense Level:    **23**

Criminal History Category:    **IV**

Imprisonment Range:    **60 months**

Supervised Release Range:    **2 to 3 years**

Fine Range: $ **10,000.00** to $ **100,000.00**

☒ Fine waived or below the guideline range because of inability to pay.

Total Amount of Restitution: $ **7,547,730.58**

☐ Restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweighs the need to provide restitution to any victims, pursuant to 18 U.S.C. § 3663(d).

☐ For offenses committed on or after September 13, 1994 but before April 23, 1996 that require the total amount of loss to be stated, pursuant to Chapters 109A, 110, 110A, and 113A of Title 18, restitution is not ordered because the economic circumstances of the defendant do not allow for the payment of any amount of a restitution order, and do not allow for the payment of any or some portion of a restitution order in the forseeable future under any reasonable schedule of payments.

☐ Partial restitution is ordered for the following reason(s):

☐ The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by the application of the guidelines.

### OR

☐ The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reason(s):

### OR

☒ The sentence departs from the guideline range:

☒ upon motion of the government, as a result of defendant's substantial assistance.

☐ for the following specific reason(s):

U.S. Department of Justice

United States Marshals Service

*Southern District of Florida*

RECEIVED JUL 1 1 2001

## NOTICE OF VOLUNTARY SURRENDER
## AVISO DE SU ENTREGA VOLUNTARIA

*Miami, FL 33128-7786*

DATE/*FECHA*:        **July 05, 2001**

NAME/*NOMBRE*:       **ZOYES, MICHAEL #26541-004**

ADDRESS/*DIRECCION*: **506 Lakeside Circle**
CITY/*CIUDAD*:       **Sunrise, Florida 33326**

(*Senor/Senora*):    **Mr. Zoyes**:

Pursuant to the sentence imposed by the United States District Court,
*Bosado en su sentencia impuesta por la Corte del Distrito de los Estados Unidos,*

you are hereby directed to surrender voluntarily to the:
*usted es dirigido a entregarse voluntariamente a la:*

        **U.S. Marshals Service 301 N Miami Ave Rm# 205 Miami, Fl 33128 Or**
**INSTITUTION/*INSTITUCION*: Satellite Camp-Miami, Florida**
REPORTING DATE/ *FECHA DE REPORTE* **August 17, 2001**
REPORTING TIME/ *HORA DE REPORTE*:    before **2:00 p.m.**
If you have any questions regarding the above surrender, please
*Si usted tiene alguna pregunta a este respecto, favor comuniquese*

contact your probation officer.
*con su Oficial de Probatoria.*

Sincerely (*Sinceramente*),

James A. Tassone
United States Marshal
Southern District of Florida

By:  Hermie Hady, Administrative Support Assistant

cc:  Institution
     Defendant
     Defendant's Attorney
     U.S. Attorney
     U.S. Probation
     Pretrial Services
     File

ATTACHMENT / EXHIBIT