UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
NO. 00-62540-Cr-Roettger

UNITED STATES OF AMERICA,

                    Plaintiff,

-versus-

MICHAEL ZOYES,

                    Defendant.

_____/

NIGHT BOX
FILED

DEC - 3 2001

CLARENCE MADDOX
CLERK, USDC/SDFL/FTL

## UNOPPOSED REQUEST FOR CERTIFICATION
## REGARDING RESENTENCING

The United States hereby requests that the Court certify to the United States

Court of Appeal for the Eleventh Circuit that it will hold further sentencing

proceedings in order to afford the Court of Appeals jurisdiction to remand the case.

In support thereof, the government states as follows:

### Procedural Background

Appellant Michael Zoyes waived indictment, and on March 13, 2001, entered

into a written plea agreement in which he pled guilty to a one-count information

charging conspiracy to commit wire and mail fraud, in violation of 18 U.S.C. §§371,

1341, 1343.  He did not plead guilty to the money laundering portion of the



conspiracy which charged a violation of 18 U.S.C. §1956(a)(1)(A)(i) (R1:4, 16, 17; R3:generally).

A Presentence Investigation Report (PSI) was prepared. The probation officer calculated Zoyes' base offense level using all substantive charges within the information, including the money laundering charges. This resulted in a base offense level of 23. Three points were added based on the amount of funds, and four points were added based on Zoyes' role in the offense (PSI ¶¶49-56). With a three-level reduction for acceptance of responsibility, Zoyes' total offense level was 27 (PSI ¶¶58-60). Zoyes' criminal history category was IV (PSI ¶¶65-67). With a total offense level of 27 and a criminal history category IV, Zoyes' guideline imprisonment range was 100 to 125 months. However, because the statutory maximum was 60 months, that became his guideline range (PSI ¶¶118-19).

In describing the impact of the plea agreement on his calculations, the Probation officer explained that he had included the money laundering charges even though Zoyes only had pled guilty to the fraud charges. Although the probation officer maintained the correctness of including the money laundering charges in calculating the offense level, he alternatively calculated the offense level using the fraud guidelines. This recalculation resulted in a total offense level of 25 and a guideline imprisonment range of 84 to 105 months. Because the statutory maximum term of imprisonment was 60 months, however, that remained his guideline sentence,

and the recalculation therefore had no effect on Zoyes' ultimate guideline sentence (PSI ¶¶129).

Zoyes filed objections to the PSI (R2). Among other things, Zoyes argued that the fraud guidelines should be used to calculate his base offense level. Zoyes also argued that the loss amount had been miscalculated.

In a Second Addendum to the PSI, the probation officer agreed that the fraud guidelines should have been used. Therefore, he recalculated Zoyes' total offense level as 23. With a criminal history category IV, Zoyes' guideline range was 70 to 87 months. As before, because the statutory maximum was 60 months, that became his guideline sentence (Addendum at 1-2). Regarding the loss amount, the probation officer maintained the correctness of the calculation (Addendum at 2).

Prior to sentencing, the United States filed a motion for downward departure based on Zoyes' substantial assistance (R1:24).

On June 19, 2001, this Court held a sentencing hearing (R4). Because the probation officer agreed that the fraud guidelines (and not the money laundering guidelines) would be used, defense counsel pressed Zoyes' remaining objection regarding the amount of loss attributable to him (R4:3-6). The United States countered Zoyes' position that some lesser loss amount applied, arguing that the facts supported the $7 million loss amount stated in the PSI (R4:6-9). After hearing defense counsel's response to the government's argument, the court queried whether

it needed to make a loss determination at all:

> THE COURT: Well, inasmuch as the government has filed a motion for downward departure this morning isn't all this calisthenic?

> [DEFENSE COUNSEL]: Well, let me be straight with the court on that.

> If the Court adopts the government's position on loss, if my objection is overruled, then the starting point for the Court is 60 months because that is the statutory maximum. It is a 60 month starting point.

> If the Court agrees with me in whole or in part then the starting point may be somewhere substantially less than 60 months.

> So that is why I may not consider it a calisthenic, unless the Court might arrive at the same place either way. And I don't know that.

> But if the Court were going to arrive at the same place it is a calisthenic. But if the Court is going to start from 60 months or a lower place it might be significant in terms of where this ends up.

> THE COURT: I am not going to start below 60 months.

(R4:11).

The parties then discussed the government's recommended substantial assistance reduction from 60 months down to 30 months of imprisonment. As before, defense counsel argued that the starting place for the reduction should be less than 60 months and that, based on the extent of Zoyes' cooperation, a larger reduction than 50% was warranted (R4:12-23).

The court sentenced Zoyes based on a guideline range of 60 months but departed downward to 30 months based on the government's substantial assistance

motion (R1:26; R4:23-24). After the court pronounced sentence, defense counsel renewed his argument regarding the amount of loss (R4:26).

Zoyes timely filed a notice of appeal (R1:27). He is incarcerated.

<u>Statement of the Facts</u>

At his plea colloquy, Zoyes agreed with the following proffer of facts:

If this case were to proceed to trial, the United States would prove beyond a reasonable doubt that from September of 1993 until December of 1996 Michael Zoyes and his co-defendants participated in a conspiracy to commit mail fraud and wire fraud involving more than one thousand victims [throughout] the United States.

The defendant while working at various telemarketing businesses worked as the owner of the telemarketing business which company sold business opportunities for nutritional supplements.

The manner and means by which the defendant sought to accomplish the object of the conspiracy included the following.

Doctors Choice which was one of the businesses would advertise in newspapers throughout the United States. They would advertise a business opportunity involving restocking displays in retail businesses with a minimum investment of 5 thousand dollars.

The advertisements would contain a toll free number for the telemarketing business. Persons responding to the advertisements would be contacted telephonically by fronters who would make an initial sales representation which contained misrepresentations.

Within a few days after promotional materials were sent by Federal Express or Airborne Express the promotional materials would be sent and the fronter would recontact the potential customer by telephone in order to give that person the names and telephone numbers of references purported to be current distributors of the product.

The references were not actually distributors of the product as claimed nor had they ever been distributors for the business. Rather they were paid by the companies to make the false representations.

Ultimately Michael Zoyes and co-conspirators were the true owners of Doctors Choice and they managed the daily affairs of the business and shared in the profits of the business that was obtained as a result of this telemarketing business.

(R3:13-14). Zoyes admitted that he expected to earn a profit from the scheme (R3:14).[1]

## Legal Argument

USSG §2F1.1 compels the district court to increase the defendant's offense level based on the loss attributable to that defendant from his offense of conviction as well as his relevant conduct. *United States v. Calhoon*, 97 F.3d 518, 530 (11th Cir.1996). The government must prove the attributable loss by a preponderance of the evidence. *United States v. Sepulveda*, 115 F.3d 882, 890 (11th Cir. 1997). The calculation of loss for purposes of section 2F1.1 is not an exact science. Mindful of the complexity in determining the amount of loss, the Sentencing Guidelines and the Eleventh Circuit have recognized that the loss determination need not be made with precision. "The court need only make a reasonable estimate of the loss, given the available information." USSG §2F1.1 comment. (n. 9); *United States v. Cabrera*, 172 F.3d 1287, 1292 (11th Cir. 1999); *United States v. Wilson*, 993 F.2d 214, 218

---

[1]    A more detailed statement of facts is contained in the PSI at ¶¶7-42).

(11th Cir. 1993). While the district court must not speculate, its reasonable estimate of the loss will be upheld on appeal. *United States v. Dabbs*, 134 F.3d 1071, 1082 (11th Cir. 1998); *United States v. Orton*, 73 F.3d 331, 335 (11th Cir. 1996). Loss may, but need not, be actual loss. The guidelines recognize that attempted or intended loss is a valid measure of culpability. USSG §2F1.1 comment. (n. 8); *United States v. Nosrati-Shamloo*, 255 F.3d 1290, 1291-92 (11th Cir. 2001); *Calhoon*, 97 F.3d at 530. Fraudulent schemes come in various forms, and the nature of the scheme and the defendant's conduct determines the factors to be considered in determining the loss or intended loss. *Orton*, 73 F.3d at 333-34.

Pursuant to §1B1.3(a)(1)(B), a defendant is accountable for the conduct of others that was in furtherance of the jointly undertaken criminal activity and was reasonably foreseeable in connection with that criminal activity. The district court may hold all participants in a conspiracy responsible for the losses resulting from the reasonably foreseeable acts of co-conspirators in furtherance of the conspiracy. *United States v. Dabbs*, 134 F.3d 1071, 1081 (11th Cir. 1998). *See also*, *United States v. Rayborn*, 957 F.2d 841, 844 (11th Cir. 1992) ("all losses caused by fraud or deceit which are governed by §2F1.1 may be imputed to a defendant who was a member of the conspiracy which caused those losses"); *United States v. Fuentes*, 991 F.2d 700, 701 n. 1 (11th Cir. 1993) (limiting *Rayborn* to reasonably foreseeable co-conspirator acts).

Based on the above, the United States maintains that this Court's ultimate sentencing determination, which held Zoyes accountable for $7 million in losses, was correct. Nonetheless, because Zoyes challenged the $7 million loss determination in the PSI, this Court was required either to: (1) make an explicit factual finding as to the loss amount; or (2) determine that no such finding was necessary because the court would not rely on that amount in sentencing Zoyes. *See United States v. Butler*, 41 F.3d 1435 (11th Cir. 1995). The United States respectfully suggests that the Court's failure to make a finding on the record regarding the amount of loss was error.

Contemporaneously with the filing of this motion, the undersigned Assistant United States Attorney has moved in the Court of Appeals for a stay of the briefing schedule in this case pending a ruling by this Court on the government's request for certification. A copy of the government's motion is attached hereto as Exhibit A. The undersigned has spoken with Marisa Tinkler Mendez, counsel for Zoyes, who does not oppose this motion.

The United States respectfully suggests that this Court should certify to the Eleventh Circuit that it will proceed with resentencing if the Court of Appeals grants a remand for the limited purpose of permitting this Court to make a finding regarding the appropriate amount of loss attributable to Zoyes. Therefore, the United States moves that this Court certify to the Eleventh Circuit Court of Appeals, pursuant to

*United States v. Ellsworth*, 814 F.2 613 (11th Cir. 1987), that upon remand, this Court will make the required loss finding.[2]

Conclusion

WHEREFORE, the United States of America respectfully requests that the Court certify that, in the event of a remand, it will hold further sentencing proceedings in light of the discussion and cases cited above.

Respectfully submitted,

Guy A. Lewis
United States Attorney

By: _Joanne M. Mulberhyff_
for: Lisa Tobin Rubio
Assistant United States Attorney
Attorney for Appellee
99 N.E. 4th Street
Miami, Florida  33132-2111
(305) 961-9114

---

[2]    In *Ellsworth*, the Eleventh Circuit held that where a case is pending in the Court of Appeals, the Court will entertain a motion to remand the case for further consideration if the district court certifies that this motion will be heard on the merits. *Id*. at 614.

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing Brief for the

United States was mailed this 3rd day of December, 2001, to Marisa Tinkler

Mendez, 901 Ponce de Leon Blvd., Suite 304, Coral Gables, Florida 33134.


for: Lisa Tobin Rubio
           Assistant United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

NO. 00-62540-Cr-Roettger

UNITED STATES OF AMERICA,

            Plaintiff,

-versus-

MICHAEL ZOYES,

            Defendant.

_____/

### ORDER OF CERTIFICATION

THIS CAUSE comes before the Court on the United States of America's Request for Certification filed on December 3, 2001. The Request asks this Court to certify to the Eleventh Circuit Court of Appeals that this Court will hold further sentencing proceedings in order to make a factual finding regarding the amount of loss attributable to Zoyes under the Sentencing Guidelines.

Upon review of the Request and Zoyes' response thereto, and being fully advised in the premises, this Court certifies that upon remand of the case it will hold

further sentencing proceedings in accordance with the Request.

DONE AND ORDERED at Miami, Florida, this _____ day of _____, 2001.


_____
UNITED STATES DISTRICT JUDGE

cc:    Lisa Tobin Rubio, AUSA
       Marisa Tinkler Mendez

Exhibit A

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT
No. 01-13475-A


UNITED STATES OF AMERICA,

                            Appellee,

-versus-

MICHAEL ZOYES,

                            Appellant.

_____/


**UNOPPOSED MOTION TO STAY PROCEEDINGS ON APPEAL
PENDING THE DISPOSITION OF THE UNITED STATES' REQUEST
FOR CERTIFICATION IN THE DISTRICT COURT AND MOTION TO
REMAND UPON RECEIPT OF CERTIFICATION**

Appellee, the United States of America, hereby requests that this Court grant

a stay of the appellate proceedings pending disposition of appellee's request for

certification in the district court and, upon receipt of certification, that it remand the

case for further proceedings, and states in support thereof:

Appellant has appealed his sentence based on the district court's failure to

make a factual finding regarding the amount of loss attributable to him under the

sentencing guidelines. Although the United States believes that the ultimate sentence

was correct, the failure to make the required finding constitutes error.

## Procedural Background

Appellant Michael Zoyes waived indictment, and on March 13, 2001, entered into a written plea agreement in which he pled guilty to a one-count information charging conspiracy to commit wire and mail fraud, in violation of 18 U.S.C. §§371, 1341, 1343. He did not plead guilty to the money laundering portion of the conspiracy which charged a violation of 18 U.S.C. §1956(a)(1)(A)(i) (R1:4, 16, 17; R3:generally).

A Presentence Investigation Report (PSI) was prepared. The probation officer calculated Zoyes' base offense level using all substantive charges within the information, including the money laundering charges. This resulted in a base offense level of 23. Three points were added based on the amount of funds, and four points were added based on Zoyes' role in the offense (PSI ¶¶49-56). With a three-level reduction for acceptance of responsibility, Zoyes' total offense level was 27 (PSI ¶¶58-60). Zoyes' criminal history category was IV (PSI ¶¶65-67). With a total offense level of 27 and a criminal history category IV, Zoyes' guideline imprisonment range was 100 to 125 months. However, because the statutory maximum was 60 months, that became his guideline range (PSI ¶¶118-19).

In describing the impact of the plea agreement on his calculations, the Probation officer explained that he had included the money laundering charges even though Zoyes only had pled guilty to the fraud charges. Although the probation

officer maintained the correctness of including the money laundering charges in calculating the offense level, he alternatively calculated the offense level using the fraud guidelines. This recalculation resulted in a total offense level of 25 and a guideline imprisonment range of 84 to 105 months. Because the statutory maximum term of imprisonment was 60 months, however, that remained his guideline sentence, and the recalculation therefore had no effect on Zoyes' ultimate guideline sentence (PSI ¶¶129).

Zoyes filed objections to the PSI (R2). Among other things, Zoyes argued that the fraud guidelines should be used to calculate his base offense level. Zoyes also argued that the loss amount had been miscalculated.

In a Second Addendum to the PSI, the probation officer agreed that the fraud guidelines should have been used. Therefore, he recalculated Zoyes' total offense level as 23. With a criminal history category IV, Zoyes' guideline range was 70 to 87 months. As before, because the statutory maximum was 60 months, that became his guideline sentence (Addendum at 1-2). Regarding the loss amount, the probation officer maintained the correctness of the calculation (Addendum at 2).

Prior to sentencing, the United States filed a motion for downward departure based on Zoyes' substantial assistance (R1:24).

On June 19, 2001, the district court held a sentencing hearing (R4). Because the probation officer agreed that the fraud guidelines (and not the money laundering

guidelines) would be used, defense counsel pressed Zoyes' remaining objection regarding the amount of loss attributable to him (R4:3-6). The United States countered Zoyes' position that some lesser loss amount applied, arguing that the facts supported the $7 million loss amount stated in the PSI (R4:6-9). After hearing defense counsel's response to the government's argument, the court queried whether it needed to make a loss determination at all:

> THE COURT: Well, inasmuch as the government has filed a motion for downward departure this morning isn't all this calisthenic?

> [DEFENSE COUNSEL]: Well, let me be straight with the court on that.

> If the Court adopts the government's position on loss, if my objection is overruled, then the starting point for the Court is 60 months because that is the statutory maximum. It is a 60 month starting point.

> If the Court agrees with me in whole or in part then the starting point may be somewhere substantially less than 60 months.

> So that is why I may not consider it a calisthenic, unless the Court might arrive at the same place either way. And I don't know that.

> But if the Court were going to arrive at the same place it is a calisthenic. But if the Court is going to start from 60 months or a lower place it might be significant in terms of where this ends up.

> THE COURT: I am not going to start below 60 months.

(R4:11).

The parties then discussed the government's recommended substantial assistance reduction from 60 months down to 30 months of imprisonment. As before,

defense counsel argued that the starting place for the reduction should be less than 60 months and that, based on the extent of Zoyes' cooperation, a larger reduction than 50% was warranted (R4:12-23).

The court sentenced Zoyes based on a guideline range of 60 months but departed downward to 30 months based on the government's substantial assistance motion (R1:26; R4:23-24). After the court pronounced sentence, defense counsel renewed his argument regarding the amount of loss (R4:26).

Zoyes timely filed a notice of appeal (R1:27). He is incarcerated.

Statement of the Facts

At his plea colloquy, Zoyes agreed with the following proffer of facts:

> If this case were to proceed to trial, the United States would prove beyond a reasonable doubt that from September of 1993 until December of 1996 Michael Zoyes and his co-defendants participated in a conspiracy to commit mail fraud and wire fraud involving more than one thousand victims [throughout] the United States.

> The defendant while working at various telemarketing businesses worked as the owner of the telemarketing business which company sold business opportunities for nutritional supplements.

> The manner and means by which the defendant sought to accomplish the object of the conspiracy included the following.

> Doctors Choice which was one of the businesses would advertise in newspapers throughout the United States. They would advertise a business opportunity involving restocking displays in retail businesses with a minimum investment of 5 thousand dollars.

> The advertisements would contain a toll free number for the

telemarketing business.  Persons responding to the advertisements would be contacted telephonically by fronters who would make an initial sales representation which contained misrepresentations.

Within a few days after promotional materials were sent by Federal Express or Airborne Express the promotional materials would be sent and the fronter would recontact the potential customer by telephone in order to give that person the names and telephone numbers of references purported to be current distributors of the product.

The references were not actually distributors of the product as claimed nor had they ever been distributors for the business.  Rather they were paid by the companies to make the false representations.

Ultimately Michael Zoyes and co-conspirators were the true owners of Doctors Choice and they managed the daily affairs of the business and shared in the profits of the business that was obtained as a result of this telemarketing business.

(R3:13-14).  Zoyes admitted that he expected to earn a profit from the scheme (R3:14).[1]

## Legal Argument

USSG §2F1.1 compels the district court to increase the defendant's offense level based on the loss attributable to that defendant from his offense of conviction as well as his relevant conduct. *United States v. Calhoon*, 97 F.3d 518, 530 (11th Cir.1996).  The government must prove the attributable loss by a preponderance of the evidence. *United States v. Sepulveda*, 115 F.3d 882, 890 (11th Cir. 1997). The calculation of loss for purposes of section 2F1.1 is not an exact science.

---

[1]     A more detailed statement of facts is contained in the PSI at ¶¶7-42).

Mindful of the complexity in determining the amount of loss, the Sentencing

Guidelines and the This Court have recognized that the loss determination need

not be made with precision.   "The court need only make a reasonable estimate of

the loss, given the available information." USSG §2F1.1 comment. (n. 9); *United*

*States v. Cabrera*, 172 F.3d 1287, 1292 (11th Cir. 1999); *United States v. Wilson*,

993 F.2d 214, 218 (11th Cir. 1993).  While the district court must not speculate, its

reasonable estimate of the loss will be upheld on appeal. *United States v. Dabbs*,

134 F.3d 1071, 1082 (11th Cir. 1998);  *United States v. Orton*, 73 F.3d 331, 335

(11th Cir. 1996).  Loss may, but need not, be actual loss.  The guidelines recognize

that attempted or intended loss is a valid measure of culpability. USSG §2F1.1

comment. (n. 8); *United States v. Nosrati-Shamloo*, 255 F.3d 1290, 1291-92 (11th

Cir. 2001); *Calhoon*, 97 F.3d at 530.  Fraudulent schemes come in various forms,

and the nature of the scheme and the defendant's conduct determines the factors to

be considered in determining the loss or intended loss. *Orton*, 73 F.3d at 333-34.

Pursuant to §1B1.3(a)(1)(B), a defendant is accountable for the conduct of

others that was in furtherance of the jointly undertaken criminal activity and was

reasonably foreseeable in connection with that criminal activity.  The district court

may hold all participants in a conspiracy responsible for the losses resulting from

the reasonably foreseeable acts of co-conspirators in furtherance of the conspiracy.

*United States v. Dabbs*, 134 F.3d 1071, 1081 (11th Cir. 1998). *See also, United*

*States v. Rayborn*, 957 F.2d 841, 844 (11th Cir. 1992) ("all losses caused by fraud

or deceit which are governed by §2F1.1 may be imputed to a defendant who was a

member of the conspiracy which caused those losses"); *United States v. Fuentes*,

991 F.2d 700, 701 n. 1 (11th Cir. 1993) (limiting *Rayborn* to reasonably

foreseeable co-conspirator acts).

Based on the above, the United States maintains that the district court's

ultimate sentencing determination, which held Zoyes accountable for $7 million in

losses, was correct. Nonetheless, because Zoyes challenged the $7 million loss

determination in the PSI, the district court was required either to: (1) make an

explicit factual finding as to the loss amount; or (2) determine that no such finding

was necessary because the court would not rely on that amount in sentencing

Zoyes. *See United States v. Butler*, 41 F.3d 1435 (11th Cir. 1995). The district

court's failure to make a finding on the record regarding the amount of loss was

error, which the district court can correct on remand.

The United States had filed a contemporaneous motion requesting that the

district court certify that, if granted jurisdiction of the case, it would hold a

sentencing hearing to determine the amount of loss attributable to appellant under

the sentencing guidelines. *See United States v. Ellsworth*, 814 F.2 613 (11th Cir.

1987) (appellate court may entertain motion to remand if district court certifies

that it will grant motion to resentence defendant). A copy of the motion filed in

the district court is attached hereto as an appendix.

Counsel for appellant does not oppose this motion.

WHEREFORE, the United States of America respectfully requests that the Court stay the proceedings in this case pending a determination by the district court of the government's request for certification and, upon receipt of certification from the district court, that it remand the case for further proceedings.

Respectfully submitted,

Guy A. Lewis
United States Attorney

By: _____
for: Lisa Tobin Rubio
Assistant United States Attorney
Attorney for Appellee
99 N.E. 4th Street
Miami, Florida  33132-2111
(305) 961-9114

Anne R. Schultz
Chief, Appellate Division
Of Counsel

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing Brief for the

United States was mailed this 3rd day of December, 2001, to Marisa Tinkler

Mendez, 901 Ponce de Leon Blvd., Suite 304, Coral Gables, Florida 33134.

for: Lisa Tobin Rubio
Assistant United States Attorney

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT
No. 01-13475-A

UNITED STATES FO AMERICA,

                Appellee,

-versus-

MICHAEL ZOYES,

                Appellant.

_____/

## CERTIFICATE OF INTERESTED PERSONS

      Undersigned counsel for the United States of America hereby certifies that the following is a complete list of persons and entities who have an interest in the outcome of this case:

      Larry Bardfeld

      Daniel Forman

      Guy A. Lewis

      Marisa Tinkler Mendez

      Hon. Norman C. Roettger, Jr.

      Lisa Tobin Rubio

      Anne R. Schultz

Michael Zoyes

_for:_ _Joanne M Mullenhoff_
Lisa Tobin Rubio
Assistant United States Attorney
Attorney for Appellee
99 N.E. 4th Street
Miami, Florida  33132-2111
(305) 961-9114