AO 245B (Rev. 8/96) Sheet 1 - Judgment in a Criminal Case

# United States District Court

## Southern District of Florida

FILED by _____ D.C.

JUN 2 0 2001

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

UNITED STATES OF AMERICA
v.
**MICHAEL ZOYES**

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number: **0:00CR06254-001**

A.U.S.A.-Bardfeld   Daniel Forman, Esq.
Defendant's Attorney

**THE DEFENDANT:**

[X] pleaded guilty to count(s)  1

[ ] pleaded nolo contendere to count(s) _____ which was accepted by the court.

[ ] was found guilty on count(s) _____ after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 371 | Conspiracy to commit wire, mail fraud & launder proceeds | 09/27/2000 | 1 |

Certified to be a true and correct copy of the document on file
Clarence Maddox, Clerk,
U.S. District Court
Southern District of Florida
by _____
Deputy Clerk
Date 6/20/01

The defendant is sentenced as provided in pages 2 through  6  of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ] The defendant has been found not guilty on count(s) _____

[ ] Count(s) _____ (is)(are) dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.: **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**
Defendant's Date of Birth: **02/14/1955**
Defendant's USM No.: **26541-004**
Defendant's Residence Address:
**506 Lakeside Circle**

**Sunrise                            FL       33326**

Defendant's Mailing Address:
**506 Lakeside Circle**

**Sunrise                            FL       33326**

**06/19/2001**
Date of Imposition of Judgment

_signature_
Signature of Judicial Officer

**NORMAN C. ROETTGER**
**U.S. DISTRICT COURT JUDGE**
Name & Title of Judicial Officer

*19 June 2001*
Date

AO 245B (Rev. 8/96) Sheet 2 - Imprisonment

Judgment-Page __2__ of __6__

DEFENDANT: MICHAEL ZOYES
CASE NUMBER: 0:00CR06254-001 NCR

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of __30__ month(s).

[X] The court makes the following recommendations to the Bureau of Prisons:

**South Florida and 500 Hour Drug Treatment Program**

[ ] The defendant is remanded to the custody of the United States Marshal.

[X] The defendant shall surrender to the United States Marshal for this district:

   [X] at __12:00__ p.m. on __08/17/2001__.

   [ ] as notified by the United States Marshal.

[X] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   [X] before 2 p.m. on __08/17/2001__

   [ ] as notified by the United States Marshal.

   [ ] as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

(Voluntarily surrendered)
Defendant delivered on __10-19-2001__ to __Fedearl Prison Camp, Miami__
at __15801 S.W. 137 Avenue__, with a certified copy of this judgment.

Ed Gonzalez, Warden
~~UNITED STATES MARSHAL~~

By __J. Maseda, L.I.E.__
~~XXXXXXXXXXXXX Deputy U.S. Marshal~~



AO 245B (Rev 8/96) Sheet 3 - Supervised Release

Judgment-Page __3__ of __6__

DEFENDANT:   MICHAEL ZOYES
CASE NUMBER:   0:00CR06254-001

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of __3__ year(s).

See Additional Supervised Release Terms - Page 4

    The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

    The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

[ ] The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.) *for the rest of his life, NCR*

[✓] The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check, if applicable.)

    If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

    The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page (if indicated below).

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev 8/96) Sheet 3 - Supervised Release

Judgment-Page __4__ of __6__

DEFENDANT: MICHAEL ZOYES
CASE NUMBER: 0:00CR06254-001

## ADDITIONAL SUPERVISED RELEASE TERMS

Maintain full-time legitimate employment and not be unemployed for more than 30 days unless excused by the probation officer. Submit documentation of employment when requested by the probation officer. Participate in an approved treatment program as directed by the probation officer for mental health & substance abuse. Participation may include inpatient/outpatient treatment if deemed neseccary. Defendant to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on ability to pay or availability of third party payment. Defendant shall not engage in any business that offers securities, investments or business opportunities to the public. Prohibited from engaging in telemarketing, direct mail or national advertising campaigns for business purposes without permission of the probation officer. Not to incur further debt, including but not limited to loans, lines of credit or credit card charges, either as principal or cosigner, as an individual or through any corporate entity, without prior permission of the probation officer. Shall provide complete access to financial information, including disclosure of all business and personal finances, to the probation officer.

AO 245B (Rev. 8/96) Sheet 5, Part A - Criminal Monetary Penalties

Judgment-Page  5  of  6

DEFENDANT:     MICHAEL ZOYES
CASE NUMBER:   0:00CR06254-001

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 100.00 | $ | $ 7,547,730.58 |

[ ] If applicable, restitution amount ordered pursuant to plea agreement . . . . . . . . . . . . . $ _____

Assessment and restitution are payable immediately to the Clerk, U.S. District Court, 301 North Miami Ave., Miami, FL 33130. Attention: Financial Section.

## FINE

The above fine includes costs of incarceration and/or supervision in the amount of $ _____

The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

[ ] The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  [ ] The interest requirement is waived.

  [ ] The interest requirement is modified as follows:

## RESTITUTION

[ ] The determination of restitution is deferred until _____. An Amended Judgment in a Criminal Case will be entered after such a determination.

[ ] The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| Name of Payee | * Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| Totals: | $ _____ | $ _____ | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.