UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

    Plaintiff,
v.

MICHAEL ZOYES

    Defendant.
_____/

CASE NO.: 00-6254-CR-ROETTGER

MAGISTRATE: SELTZER

### MICHAEL ZOYES' EMERGENCY MOTION FOR BOND PENDING RE-SENTENCING

The Defendant, Michael Zoyes, by and through his undersigned counsel, hereby respectfully files this emergency motion for bond pending his re-sentencing in this case. In support of this motion, the defendant states the following:

A: **ARGUMENT AND FACTUAL AND PROCEDURAL HISTORY OF THE CASE**

1. Pursuant to a written plea agreement, the Defendant, Michael Zoyes, pled guilty to one count of conspiracy to commit mail and wire fraud, in violation of 18 U.S.C. secs. 371, 1341, and 1343, and was later sentenced to serve a term of imprisonment of 30 months, and ordered to pay $7,547,730.58 in restitution.

2. At all times during the pre-sentencing phase of the case, and, for four (4) months after the sentencing, Mr. Zoyes was permitted to remain free on bond. Mr. Zoyes was permitted to voluntarily surrender to his designated correctional facility, FCI Miami, Camp, on October 19, 2001.



3. Mr. Zoyes abided completely with all of the bond conditions set, and was essentially, a model "supervisee".

4. An Appeal was filed to the Eleventh Circuit Court of Appeals, appealing the restitution finding made by the District Court.

5. On August 2, 2002, the Eleventh Circuit Court of Appeals entered its order in this case (copy attached hereto) VACATING and REMANDING this case for re-sentencing, "(I)n a matter not inconsistent with this opinion".

6. The Court of Appeals agreed with Appellant's argument that the District Court made no findings regarding the amount of restitution, and just repeated the figure recommended by the probation officer in the PSI. The Court further noted that the revenue figure (which was determined to be the $7,547,730.58) and the loss figure are *not* interchangeable, because the "victims" purchased something of value. (Zoyes argued this in his appeal). The Appeals Court further noted that the District Court should subtract the value of the goods from the revenue earned by the defendants in determining the amount (if any) of the victim's loss.

7. However, the Court of Appeals went further and determined that the length of Zoyes' prison sentence may be related to the reward of restitution, since the Sentencing Guidelines provision in effect at the time of his original sentencing proceeding provides that the defendant's offense level is based, in part, on the amount of money lost by the

victims of the fraud.

8. Finally, the Court instructed that the prosecution's original request for a downward departure should still be considered pending when the District Court re-sentences Appellant Zoyes.

9. Given the opinion of the Court of Appeals, it is conceivable that Mr. Zoyes may be re-sentenced to a lesser term of imprisonment than the original thirty (30) month sentence. Indeed, Zoyes previously argued that the victims' did not suffer any loss, and, therefore, his offense level would not be increased from the base offense level.

10. Michael Zoyes has already served more than ten (10) months in Federal Custody. As such he has already served 1/3rd of the original sentence imposed.

11. It is conceivable that he could be re-sentenced to a term of imprisonment much less than the original thirty (30) month sentence. In fact, should it be determined that there was no loss attributable to Michael Zoyes, no restitution should be ordered, and, the total sentencing offense level must be corrected to a level 8, with a corresponding sentencing guideline range 8 to 14 months imprisonment. And, Michael Zoyes could be re-sentenced to a term of credit for time served, given the fact that the District Court must still consider the downward departure motion filed by the government given his prior substantial assistance.

---

DANIEL H. FORMAN, P.A. • ATTORNEY AT LAW • 1401 BRICKELL AVENUE, SUITE 800, MIAMI, FLORIDA 33131
TELEPHONE (305) 577-8888 • FACSIMILE (305) 374-7915
e-mail: dhforman@gate.net

12. Based on the foregoing, it is clearly not unreasonable to seek a pre-sentencing bond for Mr. Zoyes. He poses absolutely no risk to the community, and will not flee. He has already served a significant enough period of time in prison. He had always been on bond pending sentencing, and, post-sentencing for nearly five months. He did voluntarily surrender. And, it is possible that, when re-sentenced, he will be re-sentenced, to a term of imprisonment equivalent to the time he has already served in prison. Further incarceration at this point seems unfair and unjust.

13. At the time of the original bond consideration, then AUSA Larry Barfeld stipulated to a personal surety bond, as well as, a voluntary surrender to his institution. The undersigned is unaware of who is currently assigned to this case.

Wherefore, the defendant prays this Court grant the request herein.

B: <u>MEMORANDUM OF LAW</u>

The applicable provision of the United States Code in this case is 18 U.S.C. sec. 3143(a) (2), which allows a judicial officer to release a person who has been found guilty of an offense (not within the off by clear and convincing evidence enses listed in 18 U.S.C. sec. 3142 (f) (1) (A), (B), or (C) if the judicial officer finds, that the person is not likely to flee or pose a danger to safety of any other person or the community if released. 18 U.S.C. sec. 3143 (a) (2). These are the <u>only</u> requirements that must be met to satisfy a pre-sentence release. In this case, *it has already been*

*proven by the Defendant himself* that he does not pose a danger to the safety of any other person or the community and surely, is not likely to flee.

And, notably, the instant offense is not a "crime of violence" and, therefore, is not subject to a rebuttable presumption that no conditions will satisfy the statutory objectives. See 18 U.S.C. sec. 3142 (e) & (f) (1) (A). The risk factors that this Court must consider to determine if bond is appropriate are: the nature and circumstances of the crime, including wether it is a drug offense or a crime of violence; they weight of the evidence; the history and characteristics of the person, i.e., his family ties, employability, financial resources, length of residence in the community, past criminal conduct, record of attendance at past court appearances; and the nature and seriousness or danger to any person.

Application of the above "risk factors" here establish that bond pending re-sentencing is clearly appropriate in this case.

This Court is further reminded that the detention statute was intended to apply to a "limited group of offenders". H.R. Rep. at 5, U.S. Code Cong. & Admn. News at 3188. Congressional concerns regarding safety to the community was directed to those cases "[where there is a strong probability that a person will commit additional crimes if released." H.R. Rep. at 7, U.S. Code Cong. & Admn. News at 3189. This Court must review this bond request *de novo*. In so doing, any logical and reasonable interpretation of this case, and its procedural history, and appellate findings and argument made demands only one conclusion-the immediate granting of a bond pending re-sentencing.

Respectfully submitted,

DANIEL H. FORMAN, P.A.
1401 Brickell Avenue
Suite 800
Miami, Florida  33131
(305) 577-8888

By: _____
DANIEL H. FORMAN, Esquire
Florida Bar No.: 229261

### Certificate of Service

I HEREBY CERTIFY that a true and correct copy of the foregoing was forwarded to U.S Attorney's office, 299 East Broward Boulevard, Fort Lauderdale, Florida 33301, and U.S. Probation Officer Frances Weisberg, 299 East Broward Boulevard, Suite 409, Fort Lauderdale, Florida 33301 on this  3  day of September, 2002.

_____
DANIEL H. FORMAN, Esquire

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

```
                                FILED
                            U.S. COURT OF APPEALS
                            ELEVENTH CIRCUIT

                               AUG 02 2002

                             THOMAS K. KAHN
                                 CLERK
```

No. 01-13475
Non-Argument Calendar

D.C. Docket No. 00-06254-CR-NCR

UNITED STATES OF AMERICA,

                                            Plaintiff-Appellee,

versus

MICHAEL ZOYES,

                                            Defendant-Appellant.

Appeal from the United States District Court for the
Southern District of Florida

(August 2, 2002)

Before BIRCH, CARNES, and HULL, Circuit Judges.

PER CURIAM:

Michael Zoyes pled guilty to one count of conspiracy to commit mail and wire fraud, in violation of 18 U.S.C. §§ 371, 1341, and 1343, and was sentenced to serve a prison term of 30 months and to pay restitution in the amount of $7,547,730.58. Zoyes appeals the restitution award. He argues that the district court failed to make any factual findings to support the $7,547,730.58 figure, so his sentence should be vacated. Because the inquiry into the amount of the victims' loss may also affect the length of Zoyes's prison term, we VACATE the entire sentencing order and REMAND to the district court for resentencing.

Zoyes and his co-defendants advertised a business opportunity to distribute nutritional supplements. According to the advertisements, a person could make thousands of dollars distributing multi-vitamins, energy boosters, and weight loss products. Zoyes and his co-defendants gave out the names and numbers of "references" who could confirm the potential for success in selling the products. These references were not and had never been distributors; instead, they were paid to make false representations regarding the amount of income a distributor could expect to generate. Zoyes pled guilty to his role in the fraud.

Zoyes appeals the district court's order of restitution, which we review for the abuse of discretion. United States v. Liss, 265 F.3d 1220, 1227 (11th Cir. 2001). For crimes which fall under Title 18 of the United States Code, a court

2

may order restitution pursuant to 18 U.S.C. § 3663. The amount of restitution is based on "the amount of the loss sustained by each victim as a result of the offense." 18 U.S.C. § 3663(a)(1)(B)(i)(I). The amount of the loss is researched by a probation officer and included in the presentence investigation report ("PSI"). 18 U.S.C. § 3664(a). If the defendant objects to the amount listed in the PSI, then the prosecution must prove the amount of the loss by a preponderance of the evidence. 18 U.S.C. § 3664(e).

Then the court "must make factual findings sufficient to support the government's claim of the amount of fraud loss attributed to a defendant in a PSI." United States v. Cabrera, 172 F.3d 1287, 1294 (11th Cir. 1999). In this case, the court made no findings with respect to the amount of restitution. Instead, the court repeated the figure recommended by the probation officer in the PSI.[1] Because the district court did not find the facts necessary to award restitution, we VACATE the restitution award.

---

[1] It appears that the PSI calculation was made in error. The figure of $7,547,730.58 represents the revenue earned by the defendants. Zoyes argues persuasively that the revenue figure and the loss figure are not interchangeable because the victims purchased something of value. The government conceded as much: "There is no doubt in my mind at this point that there was value to the energy boost product, to the weight loss product." R4-6-7. Both parties agreed that the defendants did not misrepresent the value of the goods; they misrepresented the speed at which the goods could be sold. See id. at 7. The $7,547,730.58 figure, therefore, overstates the victims' loss. Since the product purchased by the victims "was not totally worthless," the district court should subtract the value of the goods from the revenue earned by the defendants in calculating the amount of the victims' loss. See United States v. Snyder, 291 F.3d 1291, 1296 (11th Cir. 2002).

3

Although Zoyes does not appeal his prison term, its length may be related to the award of restitution. Under the Sentencing Guidelines in effect at the time Zoyes was sentenced, a defendant's offense level is based in part on the amount of money lost by the victims of the fraud. U.S.S.G. § 2F1.1(b)(1)(2000). The defendant's offense level, coupled with his criminal history category, dictates the guideline range for the defendant's prison term. Thus the inquiry into the amount of money lost by the victims affects two calculations: (1) the amount Zoyes owes in restitution, and (2) the length of time Zoyes spends in prison.

According to the probation officer, the district court determined that the victims' loss fell between $5 million and $10 million, so Zoyes's offense level should be increased by 14 levels. See U.S.S.G. § 2F1.1(b)(1)(O). This increase would have resulted in a sentence above the statutory maximum of 60 months. See 18 U.S.C. §§ 371, 1341, and 1343. The district court indicated that the starting point for calculating Zoyes's sentence would be the maximum prison term, R4-11, and then granted the prosecution's request for a downward departure based on substantial assistance.[2]

It is possible that the recalculated amount of the victims' loss may not

---

[2] Our opinion does not implicate the district court's decision to grant the departure. As such, the prosecution's request for a downward departure should be considered pending when the district court resentences Zoyes.

reduce Zoyes's offense level. It is also possible that the recalculated amount may reduce his offense level, but the corresponding sentencing range will still fall above the statutory maximum. To the extent that the recalculated amount of the victims' loss brings Zoyes's sentencing range below the statutory maximum of 60 months, the district court should recalculate the length of Zoyes's prison term.

VACATED and REMANDED for resentencing in a manner not inconsistent with this opinion.

5