

Clarence Maddox
Clerk, U.S. District Court
299 E. Broward Blvd
Fort Lauderdale FL 33301

September 04, 2002

RE: 01-13475-AA     USA v. Michael Zoyes
DC DKT NO.: 00-06254 CR-NCR

TO:  Clarence Maddox

CC:  Marisa Tinkler Mendez

CC:  Lisa T. Rubio

CC:  Anne R. Schultz

CC:  Jeanne Marie Mullenhoff

CC:  Administrative File

CC:  Administrative File

# United States Court of Appeals
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

**Thomas K. Kahn**
Clerk

In Replying Give Number
Of Case And Names of Parties

September 04, 2002



Clarence Maddox
Clerk, U.S. District Court
299 E. Broward Blvd
Fort Lauderdale FL 33301

RE: 01-13475-AA     USA v. Michael Zoyes
DC DKT NO.: 00-06254 CR-NCR

The enclosed certified copy of the judgment and a copy of this court's opinion are hereby issued as the mandate of this court.

Also enclosed are the following:
   Original Exhibits, consisting of: One psi and one sealed addendum to the psi
   Original record on appeal or review, consisting of: Four volumes

The district court clerk is requested to acknowledge receipt on the copy of this letter enclosed to the clerk.

A copy of this letter and the judgment form, but not a copy of the court's opinion or Rule 36-1 decision, is also being mailed to counsel and pro se parties. A copy of the court's opinion or Rule 36-1 decision was previously mailed to counsel and pro se parties on the date it was issued.

Sincerely,

THOMAS K. KAHN, Clerk

Reply To: Daniel Laurence

Encl.

MDT-1 (8-2002)

# United States Court of Appeals
For the Eleventh Circuit

No. 01-13475

District Court Docket No.
00-06254-CR-NCR

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

Aug 2, 2002

THOMAS K. KAHN
CLERK

UNITED STATES OF AMERICA,

         Plaintiff-Appellee,

versus

MICHAEL ZOYES,

         Defendant-Appellant.

FILED by _____ D.C.
SEP - 6 2002
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

---

Appeal from the United States District Court
for the Southern District of Florida

---

JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.

    Entered:   August 2, 2002
For the Court:   Thomas K. Kahn, Clerk
       By:   Meoli, Anthony

ISSUED AS MANDATE
SEP 0 4 2002
U.S. COURT OF...
ATLANTA, GA

A True Copy - Attested:
Clerk, U.S. Court of Appeals
Eleventh Circuit
By: _____
Deputy Clerk
Atlanta, Georgia

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUG 0 2 2002
THOMAS K. KAHN
CLERK

FILED by _____ D.C.
SEP - 6 2002
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

No. 01-13475
Non-Argument Calendar

D.C. Docket No. 00-06254-CR-NCR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL ZOYES,

Defendant-Appellant.

Appeal from the United States District Court for the
Southern District of Florida

(August 2, 2002)

Before BIRCH, CARNES, and HULL, Circuit Judges.

PER CURIAM:

Michael Zoyes pled guilty to one count of conspiracy to commit mail and wire fraud, in violation of 18 U.S.C. §§ 371, 1341, and 1343, and was sentenced to serve a prison term of 30 months and to pay restitution in the amount of $7,547,730.58. Zoyes appeals the restitution award. He argues that the district court failed to make any factual findings to support the $7,547,730.58 figure, so his sentence should be vacated. Because the inquiry into the amount of the victims' loss may also affect the length of Zoyes's prison term, we VACATE the entire sentencing order and REMAND to the district court for resentencing.

Zoyes and his co-defendants advertised a business opportunity to distribute nutritional supplements. According to the advertisements, a person could make thousands of dollars distributing multi-vitamins, energy boosters, and weight loss products. Zoyes and his co-defendants gave out the names and numbers of "references" who could confirm the potential for success in selling the products. These references were not and had never been distributors; instead, they were paid to make false representations regarding the amount of income a distributor could expect to generate. Zoyes pled guilty to his role in the fraud.

Zoyes appeals the district court's order of restitution, which we review for the abuse of discretion. United States v. Liss, 265 F.3d 1220, 1227 (11th Cir. 2001). For crimes which fall under Title 18 of the United States Code, a court

may order restitution pursuant to 18 U.S.C. § 3663. The amount of restitution is based on "the amount of the loss sustained by each victim as a result of the offense." 18 U.S.C. § 3663(a)(1)(B)(i)(I). The amount of the loss is researched by a probation officer and included in the presentence investigation report ("PSI"). 18 U.S.C. § 3664(a). If the defendant objects to the amount listed in the PSI, then the prosecution must prove the amount of the loss by a preponderance of the evidence. 18 U.S.C. § 3664(e).

Then the court "must make factual findings sufficient to support the government's claim of the amount of fraud loss attributed to a defendant in a PSI." United States v. Cabrera, 172 F.3d 1287, 1294 (11th Cir. 1999). In this case, the court made no findings with respect to the amount of restitution. Instead, the court repeated the figure recommended by the probation officer in the PSI.[1] Because the district court did not find the facts necessary to award restitution, we VACATE the restitution award.

---

[1] It appears that the PSI calculation was made in error. The figure of $7,547,730.58 represents the revenue earned by the defendants. Zoyes argues persuasively that the revenue figure and the loss figure are not interchangeable because the victims purchased something of value. The government conceded as much: "There is no doubt in my mind at this point that there was value to the energy boost product, to the weight loss product." R4-6-7. Both parties agreed that the defendants did not misrepresent the value of the goods; they misrepresented the speed at which the goods could be sold. See id. at 7. The $7,547,730.58 figure, therefore, overstates the victims' loss. Since the product purchased by the victims "was not totally worthless," the district court should subtract the value of the goods from the revenue earned by the defendants in calculating the amount of the victims' loss. See United States v. Snyder, 291 F.3d 1291, 1296 (11th Cir. 2002).

Although Zoyes does not appeal his prison term, its length may be related to the award of restitution. Under the Sentencing Guidelines in effect at the time Zoyes was sentenced, a defendant's offense level is based in part on the amount of money lost by the victims of the fraud. U.S.S.G. § 2F1.1(b)(1)(2000). The defendant's offense level, coupled with his criminal history category, dictates the guideline range for the defendant's prison term. Thus the inquiry into the amount of money lost by the victims affects two calculations: (1) the amount Zoyes owes in restitution, and (2) the length of time Zoyes spends in prison.

According to the probation officer, the district court determined that the victims' loss fell between $5 million and $10 million, so Zoyes's offense level should be increased by 14 levels. See U.S.S.G. § 2F1.1(b)(1)(O). This increase would have resulted in a sentence above the statutory maximum of 60 months. See 18 U.S.C. §§ 371, 1341, and 1343. The district court indicated that the starting point for calculating Zoyes's sentence would be the maximum prison term, R4-11, and then granted the prosecution's request for a downward departure based on substantial assistance.[2]

It is possible that the recalculated amount of the victims' loss may not

---

[2] Our opinion does not implicate the district court's decision to grant the departure. As such, the prosecution's request for a downward departure should be considered pending when the district court resentences Zoyes.

4

reduce Zoyes's offense level. It is also possible that the recalculated amount may reduce his offense level, but the corresponding sentencing range will still fall above the statutory maximum. To the extent that the recalculated amount of the victims' loss brings Zoyes's sentencing range below the statutory maximum of 60 months, the district court should recalculate the length of Zoyes's prison term.

VACATED and REMANDED for resentencing in a manner not inconsistent with this opinion.

A True Copy - Attested:
Clerk, U.S. Court of Appeals
Eleventh Circuit

By: /s/
Deputy Clerk
Atlanta, Georgia